Stephen D. Finestone (125675)
Jennifer C. Hayes (197252)
FINESTONE HAYES LLP
456 Montgomery Street, 20th Floor
San Francisco, California 94104
Tel: (415) 421-2624
Fax:(415) 398-2820
sfinestone@fhlawllp.com

Attorneys for Plaintiff
Vrinderpaul Mann

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re | Case No. 18-40252 WJL |
| HORIA SAID | Chapter 13 |
| Debtor | Adversary Proceeding No. |
| VRINDERPAUL S. MANN, | **COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT** [11 U.S.C. SECTIONS 523(b)(2), (a)(4) and (a)(6) |
| Plaintiff, | |
| vs. | |
| HORIA SAID | |
| Defendant. | |

Vrinderpaul Mann ("Plaintiff") alleges as follows:

**JURISDICTION AND VENUE**

1.      This adversary proceeding relates to *In re Horia* Said, bankruptcy case no. 18-40252 WJL, currently pending before this Court. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. section 1334. This matter is a core proceeding under 28 U.S.C. Sections 151, 157(b)(2). Plaintiff consents to entry of final orders or judgment by the Bankruptcy Court.

1

COMPLAINT

2. Venue of this action in this court is proper pursuant to 28 U.S.C. §1408.

## THE PARTIES

3. At all times herein mentioned, Plaintiff is and was an individual residing in Alameda County, California.

4. Plaintiff is informed and believes and thereon alleges that Horia Said ("Horia"), and at all times relevant herein, was a resident of Alameda County.

5. Horia is married to Asmatullah Said ("Asmatullah") and is the mother of Jawad Said ("Jawad") and Khatera Said ("Khatera"). Horia and Jawad were the owners of an entity referred to as Neighborhood Restoration Fund, LLC ("NRF"). Horia filed the instant bankruptcy on January 30, 2018.

## PRIOR PROCEEDINGS AND GENERAL ALLEGATIONS

6. Plaintiff was involved in state court litigation against Horia, Jawad, Khatera and NRF prior to Horia's bankruptcy filing in Alameda County Superior Court Case No. HG16802566, captioned *Mann v. Said, et al* (the "Prior Action"). The claims in the Prior Action included claims arising from Jawad's and NRF's misappropriation of proceeds from the sale of real property in San Francisco, California, that was rehabilitated and sold as part of a joint venture with Plaintiff and claims against Horia related to her transfer of an interest in real property located at 4597 Deep Creek Road, Fremont, California (the "Fremont Property").

7. Horia's transfer of an interest in the Fremont Property (the "Deed of Trust Transfer"), was to Khatera and occurred shortly after Plaintiff obtained a Writ of Attachment in the Prior Action. The Deed of Trust Transfer was done for the purposes of precluding Plaintiff from satisfying any judgment rendered in the Prior Action against the sizeable equity in the Fremont Property.

8. The Prior Action proceeded to trial on September 11, 2017. On or about September 28, 2017, the jury in the Prior Action returned a verdict finding that the Deed of Trust Transfer was void. The jury in the Prior Action also found Horia liable to Plaintiff for fraud and awarded compensatory damages of $387,000 and punitive damages of $37,500. The jury also

2
COMPLAINT

found Horia to be the alter ego of NRF. The final jury decision was rendered on October 4, 2017. A true and correct copy of the judgment on jury verdict is attached hereto as Exhibit A and incorporated by this reference.

9. On or about October 5, 2017, before a form of judgment could be agreed upon by counsel for the parties and submitted to and approved by the Superior Court, Horia transferred her interests in the Fremont Property by Grant Deed to Asmatullah for no consideration.

10. Plaintiff is informed and believes and thereon alleges that, Horia's prior transfer of an interest in the Fremont Property to Khatera and her subsequent transfer of the interest to Asmatullah are all part of a conspiracy, to protect Horia's assets from collection and/or attachment and to increase the costs to Plaintiff of collecting the Judgment.

**FIRST CAUSE OF ACTION**
**11 U.S.C. section 523(a)(2)(A)**

11. Plaintiff realleges and incorporates herein paragraphs 1 through 10 above.

12. As established by the jury verdict in the Prior Action, Horia is indebted to Plaintiff in the sum of $538,000, plus attorneys' fees of approximately $612,000 (collectively the "Debt"). As further determined by the jury, the Debt is the result of fraud by Horia acting individually and through NRF.

Wherefore, Plaintiff prays for judgment as hereinafter set forth;

**SECOND CAUSE OF ACTION**
**11 U.S.C. section 523(a)(2)(A)**

13. Plaintiff realleges and incorporates herein paragraphs 1 through 10 above.

14. Plaintiff alleges that by transferring her interests in the Fremont Property to Khatera and then to Asmatullah to avoid or stymie Plaintiff's collection, Horia engaged in actual fraud. *See, e.g. Husky Int'l Elecs., Inc. v. Ritz*, 136 S. Ct. 1581 (2016).

15. By reason of Horia's actual fraud, Plaintiff has suffered damages in an amount to be proven at trial.

Wherefore, Plaintiff prays for judgment as hereinafter set forth.

///

## THIRD CAUSE OF ACTION

## 11 U.S.C. section 523(a)(4)

16. Plaintiff realleges and incorporates herein paragraphs 1 through 10 above.

17. As a member in NRF, Horia owed a fiduciary duty to Plaintiff who was either a partner or joint venturer with NRF in the various projects undertaken, including the final project involving the real property located at 467 Gates Street, San Francisco, California (the "Gates Project").

18. Horia breached her fiduciary duty by, among other things, allowing Jawad and/or NRF to misappropriate all the proceeds from the sale of the Gates Property rather than divide them pursuant to the partnership or joint venture. This conduct constitutes a breach of fiduciary duty and embezzlement under 11 U.S.C. section 523(a)(4).

19. As a proximate of Horia's conduct, Plaintiff has been damaged in the amounts determined by the jury in the Prior Action, to wit, damages of approximately $538,000 plus attorneys' fees in the approximate amount of $612,000.

Wherefore, Plaintiff prays for judgment as hereinafter set forth.

## FOURTH CAUSE OF ACTION

## 11 U.S.C. section 523(a)(6)

20. Plaintiff realleges and incorporates herein paragraphs 1 through 10 above.

21. By taking the acts alleged in the Prior Action and as found by the jury in the Prior Action, as evidenced by, among other things, the award of punitive damages against her, Horia cause a willful and malicious injury to Plaintiff.

22. As determined by the jury and as reflected in the judgment in the Prior Action, as a proximate result of Horia's conduct, Plaintiff has suffered damages of approximately $538,000 plus attorneys' fees in the approximate amount of $612,000.

WHEREFORE, Plaintiff prays for judgment against Horia as set forth below.

1. For a determination that the Debt established by the judgment in the Prior Action is not discharged by any discharge obtained by Horia in her current bankruptcy and the Debt continues to accrue interest at the rate set forth by California law.

2.      For costs of suit incurred herein; and

        3.      For such other and further relief as the Court may deem proper.

Dated: June 15, 2018

                                                      FINESTONE HAYES LLP

                                       /s/ Stephen D. Finestone

                                       Stephen D. Finestone
                                       Attorneys for Plaintiff Vinderpaul Mann

5

COMPLAINT